FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE W.,[1] | No. 1:24-CV-03191-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] | **ECF Nos. 6, 8** |
| Defendant. | |

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' briefs.  ECF Nos. 6, 8.  D. James Tree represents Plaintiff.  Special Assistant United States Attorney Ryan Lu represents Defendant.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court reverses the Commissioner's decision and remands the case for additional administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on September 5, 2017, alleging a disability onset date of September 1, 2017.  Tr. 71-72, 216-28.  The applications were denied initially and on reconsideration.  Tr. 73-136.  Plaintiff appeared before an administrative law judge (ALJ) on March 5, 2019.  Tr. 33-70.  On May 1, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-32.  This Court subsequently remanded the matter on April 2, 2021.  Tr. 921-39.  The ALJ held a second hearing on November 2, 2021.  Tr. 872-88.  On March 23, 2022, 2022, the ALJ denied Plaintiff's claim.  Tr. 847-65.  This Court again remanded the matter on March 23, 2023.  Tr. 1716-18.  The ALJ held a third hearing on January 5, 2024.  Tr. 1695-1705.  On August 28, 2024, the ALJ denied Plaintiff's claim.  Tr. 1748-78.  The ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.  20 C.F.R. § 416.1484.  Plaintiff

ORDER - 2

appealed this final decision on November 21, 2024.  ECF No. 1.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§

ORDER - 3

404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

ORDER - 4

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 5

the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER - 6

work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 1, 2017, the alleged onset date.  Tr. 1755.

At step two, the ALJ found that Plaintiff has the following severe impairments: anxiety disorder; depressive disorder; attention deficit hyperactivity disorder (ADHD); substance abuse; spine disorder; hypermobility syndrome; migraines; and left ankle disorder.  Tr. 1756.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 1756.

ORDER - 7

The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> She can stand/walk for a total of four hours in an eight-hour workday.  She can sit for six hours in an eight-hour workday.  She can frequently push/pull with lower extremities, including operating of foot controls.  She can never climb ladders/ropes/scaffolds.  She can perform all other postural activities occasionally.  She can have occasional exposure to hazards, such as moving mechanical parts, unprotected heights, operating a motor vehicle.  She can have occasional exposure to temperature extremes, pulmonary irritants, and vibration.  She should have no greater than moderate1 noise in her work environment.  She is limited to understanding and remembering simple instructions.   She can perform simple routine tasks, and make simple work-related decisions.  She can have occasional interaction with the public and coworkers.  She can tolerate occasional changes in a routine work setting.

Tr. 1759.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 1767. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as parking lot attendant, assembler of small products, and collator operator. Tr. 1768.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from September 1, 2017, through the date of the decision.  Tr. 1768.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her benefits.  Plaintiff raises the following issues for review:

ORDER - 8

1.  Whether the ALJ properly assed the medical opinion evidence; and

2.  Whether the ALJ properly assessed Plaintiff's testimony.

ECF No. 6 at 2.

**DISCUSSION**

**A. Medical Opinion Evidence**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a

ORDER - 9

medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when two or more medical opinions

ORDER - 10

or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.  *Id.*  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records.  *Id.* at 792.  However, the ALJ is not required to make specific findings regarding the relationship factors.  *Id.*  Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent.  *Id.*

ORDER - 11

Plaintiff argues the ALJ improperly discounted six sets of medical opinions. Because the Court determines the ALJ improperly discounted the opinions of Dr. Bruner, Dr. Gardner, and Dr. Nelson, as described below, it need not determine whether the ALJ improperly the remaining three sets of medical opinions. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for further proceedings, we do not reach [plaintiff's] alternative ground for remand."). On remand, the ALJ shall reevaluate all six sets of medical opinions.

*1. Dr. Bruner*

Dr. Bruner examined Plaintiff on December 20, 2017, and opined, as relevant here, Plaintiff would have difficulty "performing work activities without special instructions." Tr. 377-78. The ALJ found the opinion "unpersuasive." Tr. 1765.

The ALJ first discounted the opinion as unsupported by Dr. Bruner's examination report. Tr. 1765. An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, however, Dr. Bruner explicitly found Plaintiff "had difficulty with tasks involving abstract thought," and noted Plaintiff "could not remember three words after five minutes." Tr. 377-78. This finding thus lacks substantial evidentiary support.

ORDER - 12

The ALJ also discounted the opinion as inconsistent with "the medical evidence of record," specifically pointing to instances where Plaintiff "denied difficulty concentrating and thinking on several occasions" and noting Plaintiff "reported being able to manage her finances independently, preparing meals, and cleaning her home." Tr. 1765. The ALJ did not, however, reconcile the longitudinal notes reflecting distractibility, racing thoughts, and severe symptom scores. *See, e.g.*, Tr. 1618, 1627, 1630, 1634-35, 1638, 1646, 1650, 1659, 2042. ALJs "cannot simply pick out a few isolated instances" of medical health that support their conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016); *see also Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (noting courts "may not affirm simply by isolating a specific quantum of supporting evidence[,]" but must review the record as a whole). Further, Dr. Bruner explicitly opined that Plaintiff "is able to manage funds in her own interest." Tr. 377. This is thus not a reasonably inconsistency. Finally, to the extent the ALJ discounted the opinion based on Plaintiff's ability to shop and prepare meals, these minimal activities are neither reasonably inconsistent with nor a valid reason to discount the doctor's opined limitations. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and

ORDER - 13

caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."). The ALJ accordingly erred by discounting Dr. Bruner's opinion.

*2. Drs. Gardner and Nelson*

Drs. Gardner and Nelson opined, as relevant here, that Plaintiff would require "close supervision." Tr. 83, 116. The ALJ found this opined limitation "vague." Tr. 1764. Plaintiff argues the meaning of "close supervision" is "clear." ECF No. 6 at 19. In response, Defendant argues "the ALJ explained" that this opined limitation was vague "because [the doctors] qualified the limitation as something Plaintiff '[w]ould do best' with, rather than an unqualified finding that Plaintiff *required* close supervision." ECF No. 8 at 18 (quoting Tr. 83, 97). However, the ALJ never proffered this explanation—or any explanation at all. The Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.") (citations omitted). Defendant offers no further evidentiary or legal support for the ALJ's finding. The Court thus concludes the ALJ failed to validly assess the doctors' opined limitation.

ORDER - 14

**B. Plaintiff's Testimony**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims.  ECF No. 6 at 4-15.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

ORDER - 15

explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

ORDER - 16

statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 1760.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical record.[3]  Tr. 1760, 1761-62.  However, because the ALJ erred by discounting three medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with her activities, specifically noting Plaintiff "cares for her daughter on the weekends, she makes meals that take over an hour to prepare, she manages her finances, she

---

[3] The ALJ also discussed certain of Plaintiff's impairments—*i.e.*, hypermobility, left ankle disorder, migraines, and substance abuse—but failed to sufficiently identify which testimony was discounted and explain what evidence undermined it. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).  The ALJ must also evaluate the testimony in light of the longitudinal record and contextual factors such as access to care.  SSR 16-3p.  The ALJ failed to grapple with Plaintiff's circumstances of homelessness and domestic instability, which impeded consistent treatment and follow-up.  *See, e.g.*, Tr. 1681, 1896.

ORDER - 17

does crossword puzzles, and she attends church once a week." Tr. 1760. Plaintiff's minimal activities are neither inconsistent with nor a valid reason to discount her allegations. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits); *see also Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Similarly, Plaintiff's activities do not "meet the threshold for transferable

ORDER - 18

work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).

The ALJ accordingly failed to proffer specific, clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony.

**C. Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, as here, the Court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Plaintiff seeks such a remedy. ECF No. 6 at 2.

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were

ORDER - 19

credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand. *Leon*, 880 F.3d at 1045; *Garrison*, 759 F.3d at 1020. Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the medical evidence and Plaintiff's testimony must be reweighed, and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler*, 775 F.3d at 1099).

However, mindful that Plaintiff first filed her applications for benefits in 2017, the Court imposes the following time limits on further administrative proceedings: the ALJ must complete further proceedings within 120 days and, if the ALJ denies benefits and Plaintiff appeals, the Commissioner's final decision shall be rendered within 60 days of the appeal. *See Butts v. Barnhart*, 416 F.3d 101, 103-06 (2d Cir. 2005) (imposing 120-day limit for proceedings before the ALJ and a 60-day limit for administrative appeal); *Baldree v. Colvin*, 2015 WL

ORDER - 20

5568611, at *5 (C.D. Cal. Sept. 21, 2015) (collecting cases recognizing the authority to impose time limits); *see also* HALLEX 1-2-1-55.D.2 (articulating agency procedures following a time-limited court remand).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Frank Bisignano as Defendant and update the docket sheet.

2. Plaintiff's Brief, **ECF No. 6**, is **GRANTED**.

3. Defendant's Brief, **ECF No. 8**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 3, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 21